In re the Petition for DISCIPLINARY ACTION AGAINST William R. NORDSTROM, an Attorney at Law of the State of Minnesota.

No. C3–83–1030.

Supreme Court of Minnesota.

Dec. 2, 1993.

*ORDER*

By order dated September 17, 1985, this court indefinitely suspended William R.

Nordstrom from the practice of law following his criminal conviction for knowingly and willfully aiding in the escape of a federal prisoner. In that order, this court stated that Nordstrom could apply for reinstatement after April 6, 1989. On April 5, 1993, more than seven years after this court suspended him, Nordstrom filed his petition for reinstatement with this court. Thereafter, the Director of the Office of Lawyers Professional Responsibility commenced an investigation pursuant to Rule 18, Rules on Lawyers Professional Responsibility.

This matter came on for hearing before a Panel of the Lawyers Professional Responsibility Board on August 30, 1993. On October 27, 1993, the Director filed the Panel's Findings of Fact, Conclusions of Law and Recommendation along with the Director's report and conclusions of the Rule 18 investigation. The Panel recommended that this court reinstate Nordstrom and place him on supervised probation for a period of two years. By letter dated October 26, 1993, the Director requested, with Nordstrom's agreement, that the court make its decision without a referee hearing, briefing or oral argument.

In consideration of the Director's Report and Conclusions of Investigation, the Panel's Findings of Fact, Conclusions of Law and Recommendation and the filings and record herein, IT IS HEREBY ORDERED:

1. That William R. Nordstrom's petition for reinstatement is granted.

2. That Nordstrom hereby is reinstated to the practice of law and placed on supervised probation for a period of two years, commencing immediately.

3. That Nordstrom shall comply with the terms established by the Director's Office for monitoring Nordstrom's probation, which terms shall include the following:

a. Nordstrom shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor Nordstrom's compliance with the terms of this probation.

b. Nordstrom shall cooperate fully with the supervisor in the supervisor's efforts to monitor Nordstrom's compliance with this probation. Nordstrom shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Nordstrom's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director reasonably may request.

c. Nordstrom shall initiate and maintain office procedures which ensure that Nordstrom responds promptly to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which Nordstrom is handling, and which will ensure Nordstrom regularly reviews each and every file and completes legal matters on a timely basis.

d. Nordstrom shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, Minnesota Rules of Professional Conduct, and Lawyers Professional Responsibility Board Amended Opinion No. 9. By the tenth day of each month, Nordstrom shall make all books and records pertaining to his office and trust accounts available to his supervisor, at which time such books and records shall be in current condition as of the last day of the preceding month. Nordstrom also shall make such books and records available to the Director upon request.

e. Nordstrom shall refrain from using alcohol or mood-altering chemicals and shall report his continued abstinence and AA participation to his supervisor.

BY THE COURT:

/s/ M. Jeanne Coyne
M. JEANNE COYNE
Associate Justice